# NEW YORK SUPERIOR COURT.

## HUMPHREYS agt. HUMPHREYS.

*Alimony and counsel fees not allowed in an action for limited divorce.*

Alimony and counsel fee will not be allowed to the plaintiff in an action for a limited divorce and separation on the ground of alleged desertion and abandonment, by the defendant, where the plaintiff fails to establish a marriage contract with the defendant.

A cohabitation existing between the parties during some four years, which from the evidence was considered to be illicit in its character and meretricious from the beginning, was no foundation upon which to rest her application.

*Special Term, June,* 1874.

VAN VORST, *J.* — This is an application for alimony and counsel fee in an action for a limited divorce and separation between the parties, on the ground of the alleged desertion and abandonment of the plaintiff by the defendant.

It is not claimed by the plaintiff that there was a formal marriage, with ceremony, consummated between the parties, but that on the 31st October, 1854, the parties entered into a contract with each other, and interchanged mutual vows and promises to be to each other as husband and wife, and that they thereafter cohabited together as such. The evidence wholly fails to satisfy me that there was any agreement or intention between the parties at the time mentioned, or at any other time, to become husband and wife, or that the cohabitation between them, while it lasted, was the result of any such engagement or intention.

I am convinced that the intercourse between the parties, in its inception, was illicit, and its character has never changed

Humphreys agt. Humphreys.

into a matrimonial engagement or condition, and is no evidence thereof. Whatever cohabitation existed between the parties from its beginning was meretricious,

The evidence fails to satisfy me that the defendant ever treated or held out the plaintiff as his wife, or that he lived or cohabited with her as such.

In 1860 the defendant was married to Kate E. Condon, in the city of New York. This marriage, which had been preceded by a long courtship between the parties, was published at the time it took place, and the defendant has lived with his lawfully married wife ever since. The fact of this marriage was well known to a large circle of acquaintances at the time of its consummation, and has ever since continued to be known and acknowledged.

There can be no presumption of a crime in the marriage of parties according to the usual forms in a public manner, or that either party was disqualified by a previous secret marriage, from entering into such engagement.

There is good reason to believe, from the evidence, that the plaintiff knew of the defendant's marriage about the time it took place or shortly afterward.

The claim made by the plaintiff, of a prior marriage with the defendant, is not established, and rests upon no foundation to justify her application for alimony and counsel fee, and the same is denied.